IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DENISE A. ZIEGLER,

        Plaintiff,

vs.                                    Case No. 15-1097-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

Plaintiff filed an application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA) (Doc. 23). The motion has been fully briefed by the parties.

I. General legal standards

The EAJA provides for an award of attorney fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007); Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir.1991). Under the EAJA, a prevailing party includes a plaintiff who secures a sentence four remand reversing the Commissioner's denial of benefits as to "any significant issue in litigation which achieve[d] some of the benefit ... sought in

1

bringing suit."  Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989); Sommerville v. Astrue, 555 F. Supp.2d 1251, 1253 (D. Kan. 2008).

   The Commissioner bears the burden to show that his position was substantially justified.  Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir.1995).  However, the party seeking the fees has the burden to show that both the hourly rate and the number of hours expended is reasonable in the circumstances.  Hensley v. Eckerhart, 461 U.S. 424, 433-34, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Sommerville v. Astrue, 555 F. Supp.2d at 1253.

II. Reasonableness of EAJA request

   Plaintiff is requesting attorney's fees for 50.1 hours at a rate of $191.39 an hour, for a total of $9,588.63 (this includes an additional 2.5 hours for work on the EAJA motion).  Defendant argues that this is unreasonable, and should be reduced, but does not suggest a reasonable figure.  Defendant also takes issue with the vague nature of the billing statement of plaintiff's counsel, which for example, on September 27, 2015 lumps together 8.5 hours to read record, research and write brief (Doc. 23-2 at 3).  As noted above, the party seeking the fees has the burden to show that the hourly rate and the number of hours is reasonable.

As this court has indicated in the past, the typical EAJA fee application in social security cases is between 30 and 40 hours. Thus, courts in this district have not hesitated to disallow hours over 40 as unreasonable in routine EAJA social security cases. <u>Williams v. Astrue</u>, 2007 WL 2582177 at *1 & n.3 (D. Kan. Aug. 28, 2007); see <u>Lavoie v. Colvin</u>, 2016 WL 4181323 at *3 (D. Kan. Aug. 8, 2016)(As judges in this district have noted for more than twenty years, a typical number of hours claimed in EAJA applications in "straightforward" disability cases is between thirty and forty hours). However, this court has permitted an award of 76.75 hours upon finding that the amount of time documented was reasonably necessary to accomplish the tasks listed. <u>Masenthin v. Barnhart</u>, 2005 WL 1863146 at *3-4 (D. Kan. July 21, 2005). Courts in this district have recently approved 67.86 hours of attorney time, noting a record of more than 1,000 pages, <u>Sommerville v. Astrue</u>, 555 F. Supp.2d 1251, 1254 (D. Kan. 2008), and have found that 53.75 hours was reasonably expended (a reduction from a request of 65.75 hours), <u>Farmer v. Astrue</u>, 2010 WL 4904801 at *1-3 (D. Kan. 2010). In the case of <u>Linder v. Astrue</u>, Case No. 09-1210-SAC (D. Kan. June 21, 2011, Doc. 36) this court found that 54.10 hours was reasonably expended (a reduction from a request of 68.55 hours). In the case of <u>Bonzo v. Astrue</u>, Case No. 11-2275-SAC (D. Kan. May 23, 2012, Doc. 23), this court found that 44 hours was

reasonably expended (a reduction from a request of 56.90 hours). Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Hensley v. Eckerhart, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed.2d 40 (1983).

The court has carefully reviewed the briefs and issues raised by the parties in this case, and notes that numerous issues were raised by plaintiff in her brief. Plaintiff's counsel spent 32.45 hours writing his initial brief, and 11.75 hours writing the reply brief. In light of the issues raised in this case, the court finds that 28 hours was reasonably expended by plaintiff's counsel in the writing of the initial brief, and 8 hours was reasonably expended by plaintiff's counsel in the writing of the reply brief. The court will add 2.5 hours for time plaintiff's counsel spent to respond to the EAJA objection by the defendant.

In summary, the court finds that 41.9 hours was reasonably expended in presenting this case to the court. Therefore, a reasonable attorney's fee pursuant to the EAJA is $8,019.24 (41.9 hours x 191.39 per hour). Defendant did not oppose plaintiff's request for reimbursement of the filing fee; therefore, it will be granted as an uncontested motion.

IT IS THEREFORE ORDERED that plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (Doc.

23) is granted in part, and the Commissioner is ordered to pay plaintiff an attorney fee in the amount of $8,019.24.

IT IS FURTHER ORDERED that plaintiff's motion for reimbursement of the filing fee in the amount of $400.00 is granted. The Commissioner is ordered to pay plaintiff $400.00 for the costs of this action from the Judgement Fund administered by the United States Treasury Department.

Dated this 14th day of October 2016, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge